FILED

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

05 OCT -6 PM 1:40

BONITA ROSA,

Plaintiff,

vs.

CITY OF FORT MYERS;
FORT MYERS POLICE DEPARTMENT;
DAVID MILLHORN (Officer)
CHRISTOPHER REIMAN (Officer)

Defendants

C.A. No. 2:05-cV-481-FtM-29SPC

**COMPLAINT FOR DAMAGES**

1. **Violation of Civil Rights (42 U.S.C. §1983)**
2. **Violation of Civil Rights (42 U.S.C. §1985)**

**Jury Trial Demanded**

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff BONITA ROSA sues Defendants, CITY OF FORT MYERS (hereinafter "DEFENDANT FORT MYERS"); FORT MYERS POLICE DEPARTMENT (hereinafter "THE DEPARTMENT") OFFICER DAVID MILLHORN, Badge #77 (hereinafter "DEFENDANT OFFICER MILLHORN"); and OFFICER CHRISTOPHER JAMES REIMAN, Badge # 318 (hereinafter "DEFENDANT OFFICER REIMAN") and alleges:

## STATEMENT OF FACTS

1. In the early evening of April 30, 2004, two Fort Myers police officers falsely arrested a law-abiding citizen for yelling at her boyfriend when she discovered that he decided to date somebody new.

2. At the time of this incident, the police were dispatched to an alleged "domestic disturbance" based on a 911 call. In the 911 call, the address provided by the caller is either "1121 Rose Ave" or "1131 Rose Avenue". However, the caller readily admits that he does not

speak good English and does not understand the questions that dispatch is asking. The only information received by dispatch was that "husband and wife were fighting, " that the "woman is crazy" that the fighting was "just yelling" and that nothing physical had happened between the parties. Instead, the caller states that the wife "she destroyed my friend's car with a screwdriver . . . inside and outside." At the time of the call, "no ambulance is needed" because nobody was physically hurt or threatened by the alleged screwdriver. Additional information received by dispatch was that the woman was "Hispanic" and was wearing a "pink shirt".

3. DEFENDANT OFFICER REIMAN arrived at 1121 Rose Ave along with DEFENDANT OFFICER MILLHORN to investigate the "crazy woman". Upon arriving at the scene, DEFENDANT OFFICER REIMAN and DEFENDANT OFFICER MILLHORN started asking what happened. They were told that Bonita Rosa had been yelling at Mr. Horacio Santana because he had a new girlfriend. DEFENDANT OFFICER REIMAN confronted the 911 caller, Mr. Luis Pedro Ochoa, to seek a sworn statement from him. However, Mr. Ochoa refused to provide DEFENDANT OFFICER REIMAN with any sort of sworn witness statement.

4. DEFENDANT OFFICER REIMAN attempted to have Horacio Santana fill out a sworn statement against Bonita Rosa saying that she tried to attack him with a black screwdriver. However, Horacio Santana , refused to swear out any such statement.

5. Neither DEFENDANT OFFICER REIMAN nor DEFENDANT OFFICER MILLHORN observed any crimes being committed by Bonita Rosa when they arrived at 1121 Rose Avenue.

6. DEFENDANT OFFICER REIMAN and DEFENDANT OFFICER MILLHORN falsely arrested Bonita Rosa with knowledge that there was no probable cause for her arrest since no crimes were committed in their presence and there were no sworn statements filled out by witnesses or victims.

7. Bonita Rosa was not given an opportunity to put shoes on her feet before she was handcuffed by DEFENDANT OFFICER REIMAN and shoved into the back of the patrol car.

8. MS. ROSA was transported to the Fort Myers Police Department by DEFENDANT OFFICER REIMAN and DEFENDANT OFFICER MILLHORN. Upon entering the Fort Myers Police Department, MS. ROSA was unhandcuffed in the booking hall where she was told to remove her jewelry by DEFENDANT OFFICER REIMAN.

9. As Bonita Rosa began to remove her jewelry, DEFENDANT OFFICER MILLHORN told her that she was not removing her jewelry fast enough. DEFENDANT OFFICER MILLHORN stated to Bonita Rosa "if you don't hurry up and get your jewelry off, I'll break your arm."

10. Another officer touched MS. ROSA's left arm causing MS. ROSA to exclaim in fear, "Just give me a moment, I'll do it myself."

11. As MS. ROSA moved to remove her jewelry, DEFENDANT OFFICER MILLHORN held true to his word by slamming MS. ROSA into the booking table and pinning the full weight of his body against her while pulling her right arm back until it snapped in half above the elbow, fracturing her arm and dislocating her right shoulder. In the process of breaking MS. ROSA's right arm, DEFENDANT OFFICER MILLHORN rammed MS. ROSA's knee into the cabinets below the booking table.

12. DEFENDANT OFFICER MILLHORN and DEFENDANT OFFICER REIMAN as well as the other Fort Myers Police Officers who were present in the booking room were aware that DEFENDANT OFFICER MILLHORN had broken MS. ROSA's arm because they all heard, what they described as, "a light popping sound" as DEFENDANT OFFICER MILLHORN slammed Bonita Rosa into the booking table.

13. After breaking MS. ROSA's arm and dislocating her shoulder, DEFENDANT OFFICER MILLHORN continued to assert pressure on MS. ROSA's broken arm and shoulder, causing MS. ROSA to say "I think I am going to pass out because my arm really hurts."

14. Eventually, DEFENDANT OFFICER MILLHORN released his vice grip from MS. ROSA.

15. MS. ROSA was given a chair to sit in and a large trash can was placed in front of her because MS. ROSA kept complaining that she felt sick and that she was going to pass out from the pain. MS. ROSA used the trash can to rest her broken arm on while she repeatedly attempted to get sick.

16. An ambulance was called to take MS. ROSA to the hospital for the injuries she sustained as a direct result of DEFENDANT OFFICER MILLHORN's breaking of her arm and dislocating her shoulder. While MS. ROSA was waiting for the ambulance to arrive, she lost consciousness and struck her head on the booking room table.

17. DEFENDANT OFFICER MILLHORN rode in the ambulance to the hospital with MS. ROSA. While in transit to the hospital, DEFENDANT OFFICER MILLHORN made comments to MS. ROSA such as "you want my badge, you can have my badge."

18. DEFENDANT OFFICER MILLHORN was standing outside the hospital room where MS. ROSA was being seen by physicians and every time a doctor or a nurse asked her "how did this happen" MS. ROSA would reply, "he broke my arm."

19. Once seen by the doctors, MS. ROSA was released back to the custody of DEFENDANT OFFICER MILLHORN where she was transported back to the Fort Myers Police Department and logged into the Lee County Jail.

20. Upon reviewing all of the information collected by the Fort Myers Police Department, the State Attorney's Office dismissed the case and refused to file charges against MS. ROSA by stating that there was "insufficient evidence to prove beyond a reasonable doubt" that MS. ROSA had committed an assault pursuant to Florida Statute §784.011.

21. Since the date of her arrest in April 2004, MS. ROSA has required extensive medical treatment to her right arm. MS. ROSA has had an open-arm surgery to place screws into her right arm so that the break caused by DEFENDANT OFFICER MILLHORN could be repaired. MS. ROSA has suffered such severe nerve damage that nerve bundles from her leg were surgically removed and transplanted into the location where her arm was broken in attempts give her some use of her right arm. MS. ROSA has undergone extensive physical therapy, which is no longer of any use and endured another surgery severing the nerves in her right wrist since she can no longer use her right hand in the manner she could use it before her arm was broken. At the present time, MS. ROSA's right arm, wrist and hand are basically useless to her.

22. MS. ROSA was falsely arrested by DEFENDANT OFFICER REIMAN and DEFENDANT OFFICER MILLHORN then subsequently battered by DEFENDANT OFFICER MILLHORN at a time when she should not have even been in police custody due to lack of probable cause for her arrest, and there can be no justification for the use of such "excessive force."

## JURISDICTION

23. This action is brought pursuant to 42 U.S.C. §§1983, 1985, 1988 and the First, Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is founded upon 28 U.S.C. §§ 1331, and 1343 (3) and (4) and the aforementioned constitutional statutory provisions.

## VENUE

24. Venue is proper in this judicial district because Plaintiff's injures, damages and harm, including the violation of Plaintiff's Civil Rights occurred in Fort Myers, Florida. Further, one or more of the DEFENDANTS reside and conduct business in this judicial district.

## PARTIES

25. Plaintiff BONITA ROSA ("MS. ROSA") are and were at all times relevant herein citizens of the United States and resides in the City of Fort Myers, State of Florida.

26. DEFENDANT OFFICER DAVID MILLHORN, Badge #77 and DEFENDANT OFFICER CHRISTOPHER JAMES REIMAN, Badge #318, individual police officers, were at all relevant times herein duly appointed and acting officers of the Fort Myers Police Department and the City of Fort Myers.

27. At all relevant times mentioned herein Fort Myers Police DEFENDANT OFFICER DAVID MILLHORN, Badge #77 and DEFENDANT OFFICER CHRISTOPHER JAMES REIMAN, Badge #318 were acting under color of law, to wit: under the color of the statutes, ordinances, regulations, policies, customs, and usages of the City of Fort Myers and the Fort Myers Police Department.

28. DEFENDANT FORT MYERS POLICE DEPARTMENT and DEFENDANT CITY OF FORT MYERS were municipalities duly incorporated under the laws of the State of Florida.

## DOE DEFENDANTS

29. Plaintiff is ignorant of the true names and capacities, whether individual, corporate, associate, or otherwise of DEFENDANT DOES 1 through 28 inclusive and therefore sues these DEFENDANTS by such fictitious names. Plaintiff will amend her complaint to allege their true names and capacities when this has been ascertained. Plaintiff is informed and believes and

alleges that these named DEFENDANTS, and each of them, are legally responsible in some manner for the occurrences herein alleged, and that DEFENDANTS legally caused Plaintiff's injuries and damages herein alleged.

## MUNICIPAL LIABILITY

30. All of the described conduct, acts, and failures to act are attributed to agents and employees under the direction and control, and with the permission, consent, ratification and authorization of such DEFENDANTS. Said acts, conduct and failures to act were within the scope of such agency and employment. At all times relevant herein, each participant was acting within the course and scope of his or her employment.

31. DEFENDANT CITY OF FORT MYERS and DEFENDANT FORT MYERS POLICE DEPARTMENT are responsible for the actions, policies and practices of its agents and employees. At all relevant times, DEFENDANT CITY OF FORT MYERS and DEFENDANT FORT MYERS POLICE DEPARTMENT were and continue to be responsible for assuring that the actions of its agents and employees comply with the United States and Florida Constitutions, federal civil rights laws, other statutes and common law.

## FIRST CAUSE OF ACTION - VIOLATION OF 42 U.S.C. §1983 USE OF EXCESSIVE FORCE (Against All Defendants)

32. Plaintiff re-alleges and incorporates by reference herein Paragraphs 1 through 31 of this complaint as though fully set forth herein.

33. At all times herein mentioned, DEFENDANTS had an obligation to comply with the due process requirements set forth in the Fourteenth Amendment to the United States Constitution. DEFENDANTS failed to meet this requirement with respect to MS. ROSA.

34. On or about April 30, 2004, DEFENDANT OFFICERS entered Plaintiff's property in response to a 911 call stating that there was a "crazy lady" who was having a "just verbal" argument with "her husband," and despite the fact that Plaintiff had committed no crimes nor broken any laws, and was lawfully on her own property, DEFENDANT OFFICERS arrested MS. ROSA without probable cause. Once in custody, MS. ROSA was slammed into the booking table whereupon her right arm was pulled back until it snapped in half above the elbow, fracturing her arm and dislocating her right shoulder. In the process of breaking MS. ROSA's right arm, her knee was rammed into the cabinets below the booking hall table by DEFENDANT OFFICERS.

35. DEFENDANT OFFICERS illegal arrest of MS. ROSA was made in violation of her right to be free from unreasonable seizure under the Fourth Amendment to the Constitution of the United States and to be free from deprivation of liberty under the Fourteenth Amendment to the Constitution of the United States.

36. DEFENDANTS thereafter caused MS. ROSA to be imprisoned without probable cause or reason therefore in the Fort Myers Police Department and the Lee County Jail for a period of approximately 8 to 12 hours against Plaintiff's will and without her consent until she was released, all in violation of her constitutional rights as described above.

37. DEFENDANTS' conduct, including but not limited to, extreme excessive force, deprived Plaintiff of her constitutional Rights under the United States Constitution:

A. Freedom from use of excessive and unreasonable force as guaranteed by the Fourth Amendment.

B. Freedom from deprivation of liberty without due process of law, as guaranteed by the Fourteenth Amendment.

C. Freedom from deprivation of speech and liberty as guaranteed by the First Amendment

38. At all times herein relevant, DEFENDANT OFFICERS MILLHORN AND REIMAN were employees of DEFENDANT CITY OF FORT MYERS and DEFENDANT FORT MYERS POLICE DEPARTMENT.

39. At all times herein mentioned, DEFENDANT OFFICERS MILLHORN AND REIMAN acted or purported to act within the course and scope of their employment and under color of law.

40. In the conduct described above, DEFENDANT OFFICERS MILLHORN AND REIMAN acted willfully, wantonly, maliciously, oppressively, and with conscious disregard and deliberate indifference of Plaintiff's rights and are therefore liable for punitive damages.

41. As a result of DEFENDANT's practices, conduct, and acts alleged herein, MS. ROSA was denied her constitutional rights.

42. WHEREFORE, Plaintiff requests relief as hereinafter provided.

**SECOND CAUSE OF ACTION - VIOLATION OF 42 U.S.C. §1983**
**FALSE ARREST (Against All Defendans)**

43. Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 42 of this complaint as though fully set forth herein.

44. Despite the fact that Plaintiff had committed no crime or broken any laws, DEFENDANTS arrested Plaintiff without probable cause.

45. DEFENDANTS thereafter caused MS. ROSA to be imprisoned without probable cause or reason therefor in the jail for the CITY OF FORT MYERS in the FORT MYERS POLICE

DEPARTMENT for a period of approximately 8 - 12 hours, against Plaintiff's will and without consent, all in violation of her constitutional rights.

46. During said arrest, MS. ROSA had her right arm pulled back so hard that it snapped in half above the elbow, fracturing her arm and dislocating her right shoulder. She sustained other physical injuries described in the Statement of Facts section above.

47. Said arrest was in violation of Plaintiff's right to be free of an unreasonable search and seizure under the Fourth Amendment to the Constitution of the United States.

48. Said conduct was the legal and proximate cause of damages to Plaintiff as alleged herein.

49. WHEREFORE, Plaintiff requests relief as hereinafter provided.

**THIRD CAUSE OF ACTION - VIOLATION OF 42 U.S.C. §1983 and 1985**
**(Against All Defendans)**

50. Plaintiff re-alleges and incorporates by reference herein paragraphs 1 - 49 of this complaint as if fully set forth herein.

51. Moreover, although DEFENDANT OFFICERS had found no evidence of any violation of law by MS. ROSA, they placed her into custody and transported her to the FORT MYERS POLICE DEPARTMENT and then later to the Lee County Jail. DEFENDANTS detained MS. ROSA for approximately 8 - 12 hours although they had seen no evidence of probable cause that MS. ROSA had committed any violation of law. Without probable cause of any justification whatever, DEFENDANTS agreed and conspired to fabricate false police reports and maliciously charged MS. ROSA with violating Florida Statute §784.011.

52. By means of their unlawful detention of MS. ROSA and the malicious charges placed against her, DEFENDANTS conspired to interfere with MS. ROSA's civil rights and deprived

her of her liberty without due process of law, in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. Sections 1983 and 1985.

53. Said conduct was the legal and proximate cause of damages to Plaintiff as alleged herein

54. WHEREFORE, Plaintiff requests relief as hereinafter provided.

**FOURTH CAUSE OF ACTION - VIOLATION OF 42 U.S.C. §1983 and 1985**
**(Against Municipalities Only)**

55. Plaintiff re-allege and incorporate by reference herein paragraphs 1 through 54 of this complaint as though fully set forth herein.

56. DEFENDANT CITY OF FORT MYERS and DEFENDANT FORT MYERS POLICE DEPARTMENT recklessly, and with callous disregard for the rights of individuals such as MS. ROSA trained, encouraged and allowed DEFENDANT OFFICERS to disregard the rights of accused individuals and specifically set forth and implemented a policy with regard to the detention of accused individuals, such as MS. ROSA, to deprive those individuals of proper treatment while in custody.

57. As a direct result of DEFENDANT CITY OF FORT MYERS and DEFENDANT FORT MYERS POLICE DEPARTMENT's implemented policies, callous, and reckless disregard of the rights of individuals, MS. ROSA suffered, and will continue to suffer, physical and mental injuries as well as medical and hospital costs in the past and in the future.

58. As a direct result of DEFENDANT CITY OF FORT MYERS and DEFENDANT FORT MYERS POLICE DEPARTMENT's implemented policies, callous, and reckless disregard of the rights of individuals, MS. ROSA was falsely imprisoned without probable cause and denied the rights secured to her by the Fourth and Fourteenth Amendments to the United States Constitution by 42 U.S.C. §§1983 and 1985.

59. DEFENDANT CITY OF FORT MYERS and DEFENDANT FORT MYERS POLICE DEPARTMENT, negligently and improperly trained the DEFENDANT OFFICERS with respect to the arrest of accused individuals, the detention of accused individuals, the treatment of accused individuals once in custody, and the affording of rights to accused individuals while in custody.

60. As a direct result of DEFENDANT CITY OF FORT MYERS and DEFENDANT FORT MYERS POLICE DEPARTMENT's negligence with respect to the training of the DEFENDANT OFFICERS, MS. ROSA suffered, and will continue to suffer, physical and mental injuries as well as medical and hospital costs in the past and in the future.

61. As a direct result of DEFENDANT CITY OF FORT MYERS and DEFENDANT FORT MYERS POLICE DEPARTMENT's negligence with respect to training of the DEFENDANT OFFICERS, MS. ROSA was falsely imprisoned without probable cause and denied the rights secured to her by the Fourth and Fourteenth Amendments to the United States Constitution by 42 U.S.C. §§1983 and 1985.

62. Said conduct was the legal and proximate cause of damages to Plaintiff as alleged herein.

63. WHEREFORE, Plaintiff requests relief as hereinafter provided.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff seeks the following relief:

1. For economic and non-economic damages in the amount according to proof at trial.

2. For punitive damages against DEFENDANT OFFICERS in an amount according to proof at trial.

3. For Attorneys Fees pursuant to 42 U.S.C. §1988

4. For prejudgment interest at the prevailing legal rate.

5. For costs of the suit including reasonable attorney's fees.

6. For costs of future medical needs, such as monitoring and nursing assistance or housekeeping assistance.

7. For such other and further relief as the Court may deem proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES TRIABLE OF RIGHT BY A JURY IN THE WITHIN ACTION.**

Dated: 10/1/05

Samantha Stevins

Samantha Stevins, Esq.
Florida Bar No. 0456810
LAW OFFICES OF SAMANTHA STEVINS, P.A.
2656 Airport Road South
Naples, Florida 34112
Phone: (239) 530-2233
Fax: (239) 530-2210

S:\My Documents\Stevins Law Office\Clients\Civil\Rosa, Bonita\Pleadings\Complaint (revised)3.wpd