177

1  MR. ALLEY: We agreed to pay that bill, but
2  that wasn't our fault. Those canceled tickets, that
3  was a mix up with the scheduling of the depositions.
4  That was not our fault. We agreed to pay it because
5  Mr. Bonner and Ms. Stevins asked me. They said,
6  "Will you just pay his bill please to get him down
7  here?" And we said, "Okay, we will."
8  THE WITNESS: All I know is I was served with a
9  subpoena.
10  MR. ALLEY: Please don't say it was our fault
11  if you don't know that.
12  THE WITNESS: Well, the deposition was canceled
13  and I have been under a subpoena to be here and I
14  bought airline tickets, non refundable coach class,
15  and I deserve to be reimbursed, which I did, and you
16  folks reimbursed me.
17  Then I was resubpoenaed the second time. I
18  come down here, fly down here, spend the night, come
19  over here for deposition and set here until
20  11:00 o'clock, at which point you folks canceled
21  that deposition and didn't want to pay me for my
22  travel and time to come down here for the
23  deposition. And I didn't have a flight back until
24  the next day. So I had to either try to get -- pay
25  a fee to get an earlier flight or wait until the

178

1  next night, the next morning to leave and I waited
2  until the next morning.
3      MR. ALLEY:  You've been paid for those, right?
4      THE WITNESS:  So I had three days involved.
5  Right.  I got paid for that.
6      MR. ALLEY:  And you're going to get paid for
7  this, right?
8      THE WITNESS:  Then I come down this time and it
9  started off where you were not saying I was going to
10 get paid, which is the reason I decided to leave.
11 Now, your saying I'm going to get paid my invoice
12 fee and that's why I'm sitting here.
13     MR. ALLEY:  And that was done.
14     THE WITNESS:  Now, I'm saying to you, if you
15 want to do anything more with me today, fine.  If
16 you don't, that's fine too.  But if you decide that
17 you're going to want to depose me more, there will
18 be a fee associated with it.  I'm not going to come
19 down here free of charge for you to continue a
20 deposition at which I'm sitting here and saying you
21 have the next five hours, as far as I'm concerned,
22 to continue deposition.
23     If that's not going to be agreeable, then I'm
24 not going to be agreeable for further deposition at
25 a later date, and I would request that we make an

appointment to go before the judge. I will pay my expenses to come down here free to appear before the judge, because I think the judge will understand how I have been handled and treated by you folks. I really do. I can't imagine the judge wouldn't understand that.

I prepared. I provided documents. I've traveled down here. And this is what I end up with. I'll be glad to tell the judge that.

MR. ALLEY: Madam Court Reporter, do you have everything? Everything has been marked and you'll ship this stuff back to him?

(Recess taken from 1:10 to 1:13 p.m.)

MR. ALLEY: Okay. I'm asking Mr. Tucker for the documents that he just put back in his briefcase or on top of his briefcase. At the beginning of his depo he placed them on the table and I asked him to bring the documents. He said he's brought these documents responsive to a subpoena. They haven't been marked the manila files, and I'm asking him to -- he put all the documents in his briefcase, and then there was a payment issue. And now, we said we'll pay. And I've asked him -- he brought all the documents back out and now he's refusing. I'm asking him to leave those documents here so they can

180

1  be copied.
2          THE WITNESS: I have several folders in front
3  of me, manila folders. One of them is entitled
4  Correspondence. It's the record of correspondence
5  between Ms. Stevins and myself over the course of
6  this case development.
7          I have a folder entitled Statutes, which are
8  copies of the statutes involved in this case.
9          I have a folder entitled Parties, which is my
10 list of the parties involved by name, so I can keep
11 track of them.
12         A folder entitled CDs, which are my summaries
13 of what I viewed on the CDs that I got computer CDs.
14         A copy of a -- I have a folder entitled Use of
15 Force Report, which is the use of force report
16 submitted by Officer Millhorn in this case.
17         I have a folder containing the Tennessee v.
18 Garner and Graham v. Connor Supreme Court decisions.
19         I have folder involving the medical record of
20 Bonita Rosa.
21         I have a folder entitled Millhorn, which is
22 basically his personnel file background.
23         A folder entitled GOs, which are the general
24 orders relevant to my analysis of this case, from
25 the Fort Myers Police Department.

```
                                                                    181
 1        A folder entitled Grossi Report, which is the
 2   Defense expert report.
 3        A folder entitled Deposition Summaries.  When I
 4   read through a deposition, instead of highlighting
 5   in the depositions, I make a summary sheet up of
 6   what was said that I thought was pertinent.
 7        And then I have a copy of the complaint and
 8   pleadings filed so far in this case.
 9        And I have a folder entitled Offense Incident
10   Report, which is the reported filed by Mr. Reiman in
11   this case.
12        And I have a folder entitled Report, and it is
13   the report that I provided here today with updated
14   Appendix A, B, and C, and an additional Appendix F
15   on use of force from the Model Policy Center.  I
16   think that covers it pretty much.
17        MR. ALLEY:  And, Mr. Tucker, in light of the
18   exhibits, what you just went through in light of the
19   subpoena duces tecum and the documents that were
20   listed in the subpoena duces tecum, I'm asking that
21   you please allow the court reporter to copy those so
22   we can make them a record of this deposition.
23        THE WITNESS:  I have no problem at all with the
24   court reporter copying these all.  My point is that
25   I brought all this in response to the subpoena duces
```

                                                                    182

1    tecum that I received late in the afternoon of the
2    7th before I flew out on the morning of the 8th.  I
3    put all this material together, but this had not
4    been entered -- the materials that I just referred
5    to had not been entered as an exhibit to my
6    knowledge, nor the court reporter's at this point,
7    and that's why I went through it.
8            MR. ALLEY:  Okay.  Do you mind entering them
9    and allowing her to copy them?
10           THE WITNESS:  I have no objection.
11           MR. ALLEY:  Thank you.
12           THE WITNESS:  Not that I have any lawful
13   grounds to object.
14           MR. ALLEY:  Thank you.
15           MS. STEVINS:  This is going to be 5, Composite
16   5?
17           MR. ALLEY:  Sure.
18                           - - -
19           (Thereupon, at 1:17 p.m., the deposition was
20   concluded.)
21           (Defendant's Composite Exhibit No. 5 was marked
22   for identification.)
23                           - - -
24
25

```
 1                    CERTIFICATE OF OATH

 2

 3   STATE OF FLORIDA  )
                       )
 4   COUNTY OF LEE     )

 5

 6   I, the undersigned authority, certify that MELVIN L.

 7   TUCKER personally appeared before me and was duly sworn.

 8

 9   Witness my hand and official seal this 21st day of March,

10   2007.

11

12

13
                              _____
14                            Irene C. Klein, RPR
                              Notary Public - State of Florida
15                            Commission No. DD 413686
                              Expires:  6/18/2009
16

17

18

19

20

21

22

23

24

25

                  AKERLEY/ASSOCIATED     (239) 334-7766
```

[Notary seal: Irene C. Klein, Commission # DD413686, Expires June 18, 2009, State of Florida, Bonded Troy Fain - Insurance, Inc. 800-385-7019]

```
 1              REPORTER'S DEPOSITION CERTIFICATE
 2
 3      STATE OF FLORIDA  )
                          )
 4      COUNTY OF LEE     )
 5
 6      I, Irene C. Klein, RPR, certify that I was authorized to
 7      and did stenographically report the deposition of MELVIN
 8      L. TUCKER; that a review of the transcript was requested;
 9      and that the transcript is a true and complete record of
10      my stenographic notes.
11
12      I further certify that I am not a relative, employee,
13      attorney, or counsel of any of the parties, nor am I a
14      relative or employee of any of the parties' attorney or
15      counsel connected with the action, nor am I financially
16      interested in the action.
17
18          Dated this 21st day of March, 2007.
19
20
21                                  _____
                                       Irene C. Klein, RPR
22
23
24
25
```

AKERLEY/ASSOCIATED         (239) 334-7766

185

1                               ERRATA SHEET

2      DO NOT WRITE ON TRANSCRIPT - ENTER CHANGES HERE

3    In Re:   Bonita Rosa v. City of Ft. Myers, et al.

4    Page/Line                      Correction/Change

5    _____

6    _____

7    _____

8    _____

9    _____

10    _____

11    _____

12    _____

13    _____

14    _____

15    _____

16    _____

17    _____

18    _____

19    _____

20    _____

21    _____

22    Under penalties of perjury, I declare that I have read my deposition and that it is true and correct subject to any

23    changes in form or substance entered here.

24

25    _____                 _____

     Date                                MELVIN L. TUCKER