UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BONITA ROSA,

            Plaintiff,

vs.                        Case No.   2:05-cv-481-FtM-29SPC

CITY OF FORT MYERS; FORT MYERS
POLICE DEPARTMENT; DAVID MILLHORN;
CHRISTOPHER REIMAN,

            Defendants.
_____

**OPINION AND ORDER**

     This matter comes before the Court on defendants Christopher Reiman and David Millhorn's Motion for Taxation of Costs (Doc. #224) and defendants City of Fort Myers and Fort Myers Police Department's Motion to Tax Costs (Doc. #225), both filed on November 13, 2007.  No responses have been filed and the time to do so has now expired.

     On October 12, 2007, the Court entered an Opinion and Order (Doc. #195) granting summary judgment in favor of Christopher Reiman; granting summary judgment in favor of the Fort Myers Police Department; granting summary judgment in favor of David Millhorn as to Count II and in his official capacity; and granting summary judgment in favor of the City of Fort Myers.  Pursuant to Fed. R. Civ. P. 58(c)(2)(B), 150 days have run from the entry of the Opinion and Order.  Additionally, pursuant to a Jury Verdict on October 26, 2007, Judgment (Doc. #220) was entered in favor of

David Millhorn on October 30, 2007. Therefore, defendants are prevailing parties and may be permitted costs to be taxed in their favor.

Under FED. R. CIV. P. 54(d), costs "should be allowed to the prevailing party" unless the court otherwise provided. FED. R. CIV. P. 54(d)(1)[1]. While the Court retains discretion to deny costs to a prevailing party, the presumption is in favor of the award of costs, particularly where Congress has provided for the imposition of costs. Arcadian Fertilizer, L.P. v. MPW Indus. Servs. Inc., 249 F.3d 1293, 1296 (11th Cir. 2001). "[Title 28 U.S.C.] Section 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)." Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987). These include fees "of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;" and fees "for exemplification and copies of papers necessarily obtained for use in the case." 28 U.S.C. § 1920(2), (4). Costs may be awarded in a 42 U.S.C. § 1983 civil rights action under the statutory authority of 28 U.S.C. § 1920. Expenses or non-statutory costs are separate from statutory costs and must be considered with a request for fees. Dowdell v. City of Apopka, Fla., 698 F.2d 1181, 1189 (11th Cir. 1983)("Reasonable attorneys' fees under the Act must include reasonable expenses because attorneys' fees and

---

[1]The Court notes that prior to the December 1, 2007, FED. R. CIV. P. 54(d)(1) provided that costs "shall" be allowed.

expenses are inseparably intertwined as equally vital components of the costs of litigation."); Cappeletti Brothers, Inc. v. Broward County, 754 F. Supp. 197, 198 (S.D. Fla. 1991)(discussing costs under § 1920 versus costs under § 1988).

The individual officers seek costs associated with investigative services. As these are not costs permitted under § 1920, the costs will not be taxed. The Court finds, however, that the other costs for depositions, transcripts, and copying are permissible and that the costs were necessarily expended for use in the case. Therefore, costs will be reduced to $5,493.37.

The City of Fort Myers and Fort Myers Police Department seek various costs for which defendants have not provided an explanation as to the reasonableness or a break down of the costs. In particular, the Court will not permit the "Costs Associated with collaboration with" Burandt, Neel, and Makholm because it is unclear whether the costs are actually non-statutory expenses, costs, or attorney fees. Additionally, the Court will not permit the $630.00 cost for "TIICO - Beatrice Vietri - Depos of Ochoa & Santana"; $65.00 cost for the non-appearance fee; and $615.50 cost for White Lies Private Investigations as none of these costs are permitted under § 1920 or have not otherwise been justified.

On further review, defendants City of Fort Myers and Fort Myers Police Department seek to tax costs for expert witness David Grossi, Dr. Schaerf, and Melvin Tucker in the amount of $17,069.76. Under 28 U.S.C. § 1821(b), a witness attending court or a

deposition shall be paid a $40.00 attendance fee per day plus travel expenses. This $40.00 is a maximum amount per witness, including expert witnesses. Morrison v. Reichhold Chems., Inc., 97 F.3d 460, 463 (11th Cir. 1996); Cronin v. Washington Nat'l Ins. Co., 980 F.2d 663, 672 (11th Cir. 1993). Defendants have failed to demonstrate that the costs over and above the statutory fee is warranted for travel expenses[2] because no supporting documentation has been provided. Additionally, non-court appointed expert fees are not taxable. Therefore, the costs will be reduced to $40.00 each for each day of their appearances for depositions and at trial. Mr. Tucker's deposition of March 9, 2007 was submitted. The Court cannot determine if Mr. Grossi or Dr. Schaerf were available for deposition. Mr. Tucker testified on day three and four of trial, Dr. Frederick Warren Schaerf testified on day four of trial, and Mr. Grossi testified on day five of trial. Therefore, the amount will be reduced to $200.00.

Defendants also seek to tax the costs associated with mediation. This is permissible under the Court's Case Management and Scheduling Order (Doc. #36, § IV.F.).

Accordingly, it is now

**ORDERED:**

---

[2]Under 28 U.S.C. § 1821(c)(1), a witness traveling by common carrier shall "utilize a common carrier at the most economical rate reasonably available. A receipt or other evidence of actual cost shall be furnished."

1. Defendants Christopher Reiman and David Millhorn's Motion for Taxation of Costs (Doc. #224) is **GRANTED IN PART AND DENIED IN PART**. Costs are taxed against plaintiff and in favor of defendants in the amount of **$5,493.37.**

2. Defendants City of Fort Myers and Fort Myers Police Department's Motion to Tax Costs (Doc. #225) is **GRANTED IN PART AND DENIED IN PART**. Costs are taxed against plaintiff and in favor of defendants in the amount of **$12,298.83.**

3. The Clerk shall enter judgment taxing costs accordingly.

**DONE AND ORDERED** at Fort Myers, Florida, this __18th__ day of April, 2008.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record